IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSE E. COLLINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIVIL ACTION 10-0161-CG-M |
| | : |
| VAUGHAN REGIONAL MEDICAL CENTER, | : |
| | : |
| Defendant. | : |

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant Vaughan Regional Medical Center (hereinafter *Vaughan*) (Docs. 9-10) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Jurisdiction has been invoked in this Court under 28 U.S.C. § 1331, pursuant to Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000e, *et seq.*, as amended by the Civil Acts of Rights of 1991. After consideration, it is recommended that Defendant's Motion (Docs. 9-10) be granted as to the following claims: sex discrimination, race discrimination, and hostile work environment, as it relates to both sex and race discrimination; it is further recommended that Defendant's Motion be denied as

to Plaintiff's claim for retaliation, on the basis of racial discrimination.

The facts are, briefly, as follows. Plaintiff Rose E. Collins is a Black female who has been employed by Vaughan since November 1994 as a Secretary in the Operating Room and the Surgery Center (Doc. 1, ¶¶ 1, 6, 10-11, 37). Collins was fired on August 29, 2008 (*id.* at ¶ 27; *see also* ¶¶ 12, 25), but was rehired approximately two weeks later (*id.* at ¶ 31). On November 19, 2008, Plaintiff filed a Charge of Discrimination (hereinafter *Charge*) with the Equal Employment Opportunity Commission (hereinafter *EEOC*) against Defendant (Doc. 10, pp. 22-23). On January 5, 2010, the EEOC issued Collins a Right to Sue letter (*see* Doc. 1, ¶ 57B).

Plaintiff filed this action on April 5, 2010, raising the following claims: (1) racial harassment and hostile work environment; (2) sexual harassment and hostile work environment; and (3) Title VII (Doc. 1). Vaughan subsequently filed a Motion to Dismiss this action (Docs. 9-10); Plaintiff has responded to the Motion (Doc. 17) to which Defendant has replied (Doc. 18).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"

*Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1] While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they]

---

[1] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007). The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

3

stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, — U.S. —, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombley*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

In its Motion, Vaughan first argues that several of the claims raised in this action are precluded because they were not

4

raised in the discrimination charge filed with the EEOC (Doc. 10, pp. 4-8). Specifically, Defendant asserts that Collins "did not check the box for discrimination based on sex, nor did she check the box for continuing activity so as to establish a hostile work environment claim" (Doc. 10, p. 5).

The Court notes that "the starting point for determining the permissible scope of a judicial complaint is the administrative charge and investigation. The judicial complaint is limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Griffin v. Carlin*, 755 F.2d 1516, 1523 (11th Cir. 1985). Looking at the Charge, the Court finds that Vaughan's assertion that Collins did not mark certain boxes on the Charge form is correct (*see* Doc. 10, p. 22), but does not find this fact, alone, to be fatal to the claims. Defendant admits as much in noting that the Fifth Circuit Court of Appeals has held, in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970),[2] "that the crucial element of a charge of discrimination is the factual statement contained therein. Everything else entered on the form is, in essence, a mere

---

[2]**Error! Main Document Only.**The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

amplification of the factual allegations."  Therefore, the Court will examine the factual assertions in the Charge to see what Collins asserted there.

The factual statement in the EEOC Charge is set out herein in full:

> I have been discriminated against by Vaughan Regional Medical Center for several reasons.
> First, while taking my break, Ms. Brenda Garza, Certified Registered Nurse Anesthetist, approached us in the lounge where I was sitting with my friend and said to us "ya'll didn't make me any coffee?"  Please note that we took this question derogatorily because both of us are African-American.  Indeed, the implication was because we were African-American, it was our duty to get her coffee; hence, we were slaves.
> Moreover, Ms. Garza, because of her position/job at the hospital, has been able to get many employees fired, particularly African-Americans.  Thus, because of the above exchange, I was worried that I might have been on the next list to be fired.  Indeed, Ms. Garza had previously told me and Ms. Lisa Jones, another African-American employee, that she was going to fire Ms. Pinkie Cowan, an African-American employee.  Sure enough, Ms. Cowan was fired.
> After the above-mentioned incident on August 2, 2008, Ms. Garza notified me that I would be getting a call from Human Resources.  Shortly thereafter, I was informed that the call would be in reference to an accusation.  I was left befuddled because I did not know what the charge was.  Around 2:00 that afternoon, I was told to report to a meeting in Human Resources.

> Once I did report, I was fired. I was told that I was fired because of a report made by Ms. Brenda Garza. Until today, I don't understand, other than because of my race, color and sex, why I was fired.
> About two weeks later, I was invited back to my employment. I had to sign an agreement to get my job back.
> However, I firmly and wholeheartedly know that I have done nothing wrong. In fact, several African-Americans have been fired because of the deceitfulness and mendacity of Ms. Brenda Garza. It seems her only motivation to get employees fired is because of their race, sex and color.

(Doc. 17, p. 13; *cf.* Doc. 10, p. 23). The Court notes that although Collins twice states that she was fired because of race, color, and sex, there are no factual assertions which support a claim of sex discrimination or harassment. For that reason, it is recommended that Plaintiff's claim of sexual discrimination and harassment be dismissed from this action.[3]

Vaughan also seeks to have Collins's claim of a hostile work environment, as it relates to her claim of race discrimination, dismissed. "In order to establish a hostile work environment claim, the plaintiff must show that 'the

---

[3] The Court notes that Plaintiff's reply brief fails to demonstrate evidence within the factual resume which indicates support for a sex discrimination or harassment claim (*see* Doc. 17). While Collins argues that retaliatory measures were taken, she still fails to lay the groundwork for a claim based on sex (*see id.*, pp. 2-5).
The Court's recommendation for dismissal of the sex discrimination claim is made also as to a claim of hostile work environment as it relates to a sex discrimination claim.

workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."'" *Ramon v. AT&T Broadband*, 195 Fed.Appx. 860, 865 (11th Cir. 2006) (*quoting Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (citations omitted)).

The Court notes that, in the EEOC Charge, Collins's recitation of the facts discussed a single incident which is racially-based. It does not provide, however, details of a work environment that is rife with racial tension.

In her reply to the Motion, though, Collins has asserted that the Court should consider facts set out in the Complaint as support for the hostile work environment claim (Doc. 17, pp. 5-8). Plaintiff specifically references ¶¶ 21-30[4] in the Complaint which discuss an exchange of words Collins had with RN Garza between the time of their "ya'll didn't make me any coffee?" conversation and Plaintiff's firing. In other words, the asserted conversation took place before Collins filed her EEOC Charge, but after the incident for which the Charge was filed.

The Court finds that this second conversation should not be considered as it was not made a part of the Charge. The factual

---
[4]Though Plaintiff references ¶¶ 21-30, the incident discussed actually begins with ¶ 20.

assertions newly-made in the Complaint do not "'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint" so much as they make "allegations of new acts of discrimination." *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (*quoting Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989)).

The Court finds that the factual recitation in the Charge fails to support Plaintiff's claim regarding a hostile work environment. Therefore, it is recommended that Plaintiff's claim of a hostile work environment, whether it be sex- or race-based, be dismissed as there is no factual support for such a claim in the EEOC Charge.[5]

In its Motion, Defendant also seeks to have Plaintiff's retaliation claim dismissed as it is not administratively exhausted (Doc. 10, pp. 12-14).[6] Our sister Court, the U.S. District Court for the Middle District of Alabama, has stated the following with regard to this issue:

> [I]n certain circumstances binding precedent
> from the Eleventh Circuit dictates that a

---

[5] The Court also recommends that ¶¶ 20-24 in the Complaint be struck as they relate to this "second conversation" which was not included in the Charge. The Court notes that these paragraphs do not relate to Plaintiff's retaliation claim which will be discussed later in this recommendation.

[6] The Court specifically finds that Defendant has not challenged the sufficiency of this claim. By pointing this out, however, the Court is not suggesting that the claim is insufficient.

9

> plaintiff need not have filed a charge with
> the EEOC to preserve his ability to later
> litigate a retaliation claim. For example,
> when a retaliation claim is based on adverse
> actions taken against the employee after the
> initial EEOC charge is filed, it can be said
> that the retaliation claim grows out of a
> properly filed employment discrimination
> charge, and it is not necessary for a
> plaintiff to file a second charge
> specifically alleging retaliation. If,
> however, the alleged retaliatory action
> occurs before the initial EEOC charge is
> filed, a plaintiff must exhaust his
> administrative remedies as to that claim by
> including factual information in the charge
> that discloses the factual basis for the
> retaliation claim.

*Houston v. Army Fleet Services, L.L.C.*, 509 F.Supp.2d 1033, 1043 Ala. 2007) (citations omitted).

Although appearing in a separate section of the Motion, Defendant seeks to have certain paragraphs in the Complaint struck as they occurred after she filed her Charge and were never made a part of the Charge through Amendment (Doc. 10, pp. 11-12). Vaughan specifically references ¶¶ 33-36 which state the following:

> 33. After Plaintiff Collins went back to work, she was again subjected to the same blatant discrimination and harassment by Ms. Garza.
>
> 34. For example, on or about May 4, 2009, Plaintiff Collins was suspended for the same blatant discrimination and harassment by Ms.

>    Garza.
>
>    35. Ms. Garza approached Plaintiff Collins
>    about the beeper system at the hospital.
>    Ms. Garza, in a very very loud, domineering,
>    and as a matter-of-fact voice, accused
>    Plaintiff Collins of paginag a Certified
>    Registered Nurse Anesthetist when, in fact,
>    she (Collins) had not done anything of the
>    sort.
>
>    36. Frustrated with the continued
>    discrimination and harassment, Plaintiff
>    Collins asked Ms. Garza, "What kind of game
>    she was playing and that I (Plaintiff
>    Collins) am tired of this xxxx that every
>    time something happens, my name is thrown
>    into it." Needless to say, Plaintiff
>    Collins was given a written reprimand for
>    inappropriate language.

(Doc. 1).

Plaintiff indicates, in the Reply to the Motion, that these are factual assertions which relate to the retaliation claim (Doc. 17, pp. 4-5). Though Defendant may be correct in its insinuation that Collins's Complaint was not artfully pled (Doc. 18, pp. 4-5), the Court is unwilling to strike the claim on that basis. It is, therefore, recommended that Defendant's Motion to Dismiss the retaliation claim, as well as to strike these specific paragraphs in the Complaint, be denied.

Finally, Vaughan seeks to have Collins's race discrimination claim dismissed, asserting that she has failed to allege sufficient facts to state a claim (Doc. 10, pp. 14-18).

The Court notes that Title VII states that "[i]t shall be an unlawful employment practice for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Disparate treatment can be demonstrated through either direct or circumstantial evidence. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).

"Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581-82 (11th Cir. 1989). Plaintiff has presented evidence that a White RN Anesthetist made the remark to her which she considered to be racially derogatory. The Court notes, though, that "only the most blatant remarks, whose intent could be nothing other than to discriminate . . . to constitute direct evidence of discrimination. *Carter*, 870 F.2d at 582. Whatever the remark implies, the Court would not categorize "ya'll didn't make me any coffee?" as racial.

To demonstrate circumstantial evidence of discrimination, Collins must prove "(1) that [s]he is a member of the protected group; (2) that adverse employment action was taken against

h[er], *e.g.*, discharge, demotion, or failure to hire; (3) that [s]he was replaced by a person outside the protected group; and (4) that [s]he was qualified for the position for which [s]he was rejected." *Carter*, 870 F.2d at 582 (citations omitted). Though Plaintiff asserted that she had been dismissed from her job for a period of two weeks, she admitted that "she was called back to work and rehired without any indication she had ever been fired" (Doc. 1, ¶ 31). This fails to demonstrate discrimination.

The Court has reviewed the evidence of record and finds that Plaintiff has not brought forth evidence sufficient to state a claim for racial discrimination. It cannot be said that Collins's claim of racial discrimination is plausible. Therefore, it is recommended that Plaintiff's claim of racial discrimination be dismissed under *Iqbal*.

In summary, it is recommended that Defendant's Motion to Dismiss (Docs. 9-10) be granted as to the following claims: sex discrimination, race discrimination, and hostile work environment, as it relates to both sex and race discrimination; it is further recommended that Defendant's Motion be denied as to Plaintiff's claim for retaliation, on the basis of racial discrimination.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>.**
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning

to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    Done this 24th day of August, 2010.

                                      s/BERT. W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE